**Hattie Mae CAMPBELL et al., Plaintiffs,**

**v.**

**R. L. MINCEY et al., Defendants.**

**No. WC 74–101–S.**

United States District Court, N. D. Mississippi, W. D.

Dec. 3, 1974.

John Brothers, Jr., Holly Springs, Miss., for plaintiffs.

Richard L. Carlisle, Oxford, Miss., L. G. Fant, Jr., Holly Springs, Miss., for defendants.

### MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiff Hattie Mae Campbell (Plaintiff Campbell) is a resident of Marshall County, Mississippi. Plaintiff Frederick Campbell is her infant son, born March 21, 1974. Plaintiffs are members of the black race and are indigent individuals.

Defendants are the members and officers of the board of trustees of the Marshall County Hospital, a Hill-Burton hospital situated in Marshall County at or near Holly Springs, Mississippi, and the operating officials of said hospital.

On the night of March 21, 1974, plaintiff Campbell, being then pregnant, started having labor pains indicative of the fact that she was about to deliver the child. During her pregnancy plaintiff Campbell had been under the care of an obstetrician at Oxford, Mississippi. Oxford is situated about 35 miles south of Holly Springs and a qualified hospital is situated there. Plaintiff Campbell lives in the northern part of Marshall County and in traveling from her home in Marshall County to Oxford in Lafayette County, she was required to pass through Holly Springs near the Marshall County Hospital.

As plaintiff Campbell's pains became closer and more severe, she left her home in the company of her sister Jannie Campbell and one Luellen enroute to the hospital. The record is not clear whether she intended to travel to the Lafayette County Hospital at Oxford or was carried by her sister to the Marshall County Hospital because of the urgency of the situation. For the purpose of the court's decision *sub judice*, the issue is immaterial.

The parties arrived at the emergency room of the Marshall County Hospital at approximately 2:00 A.M. They requested admittance for plaintiff Campbell because she was in the last stages of labor. Admittance was refused and plaintiff Campbell and her traveling companions returned to the automobile which brought them to the hospital. Upon their return, the child was born. The nurse on duty at the hospital wrapped the child in a sheet and called an ambulance to transfer the mother and child to the Lafayette County Hospital. Plaintiff Campbell and her infant son were then taken to the hospital at Oxford where they were admitted and the

delivery completed. Both survived the ordeal.

The nurse on duty at the Marshall County Hospital refused to admit plaintiff Campbell because she was not under the care of a doctor on the staff of the hospital and there was no doctor at the hospital who would undertake to deliver the child.

The evidence before the court shows that the emergency room nurse checked with the physician on duty at the hospital at the time, before refusing to admit plaintiff Campbell. It was the physician's statement that a doctor was not available to care for her at the hospital. The evidence also shows that the hospital did not have an obstetrician on its staff.

The action is before the court for a determination pursuant to Rule 23(c)(1), Federal Rules of Civil Procedure, whether the action may proceed as a class action. Plaintiffs seek to represent a class composed of individuals similarly situated.

Specifically, the court has for consideration plaintiffs' motion for an order permitting them to maintain the action as a class action and defining the class to be represented.

Plaintiffs seek to have the court define the class to be represented as follows:

(A) All those black indigent residents of Marshall and Benton County, Mississippi, who have been or will be in the future refused service at the Marshall County Hospital emergency room although it could have been provided and

(B) A sub-class consisting of all those black indigent residents of Marshall and Benton County, Mississippi, who have been in the past refused medical service at the emergency room of the Marshall County Hospital and who have been sent to the Oxford-Lafayette County Hospital or other hospitals although such medical services could have been provided at the Marshall County Hospital and

(C) A sub-class consisting of all those black indigent residents of Marshall County and Benton County, Mississippi, who will be in the future refused medical services at the emergency room of the Marshall County Hospital and sent to the Oxford-Lafayette County Hospital or other hospitals although the medical services could have been provided at the Marshall County Hospital.

The court held an evidentiary hearing on the motion. The case has been submitted on the oral evidence introduced at the hearing, affidavits tendered by the parties, the record herein, oral arguments, and memoranda of authorities.

The record conclusively shows that neither plaintiff Campbell's race or her financial condition contributed in any way to the decision of the nurse or physician to refuse to admit her to the hospital. That she was a black individual or an indigent person was immaterial. As a matter of fact, plaintiff Campbell had a Medicaid card with her at the time.

The sole and only reason for non-admittance was that she was not offered for admission by a physician who had staff privileges. In other words, she did not have the services of a physician who could care for her while a patient in the hospital.

Plaintiffs seek to represent a class of individuals who are members of the black race, indigent, residents of Marshall County and the adjoining county of Benton, and who have been or will be in the future refused service at the Marshall County Hospital emergency room, although such service could have been provided. The gravamen of plaintiff Campbell's complaint is that she was refused service at the emergency room of the hospital because she was black and an indigent. The evidence simply does not sustain this charge.

The prerequisites of a class action are contained in Rule 23, Federal Rules of Civil Procedure. The evidence does not justify the court in holding that the

**78**

action *sub judice* has those elements which are necessary for the maintenance of a class action. Defendants have not discriminated against plaintiffs because they are black, or because they are indigents. The refusal to admit them was occasioned by the sole fact that plaintiffs did not have a physician to admit them to the hospital, or one to care for them once they were admitted.

The motion to permit the action *sub judice* to be maintained as a class action and to define the class will be denied.

An appropriate order will be entered by the court.